UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00068-MR

| | |
|---|---|
| CATINA LYNN MARTELL, )<br>)<br>       Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's "28 U.S.C. § 2241 Motion for Nunc Pro Tunc Designation" [Doc. 1]. Also pending is Petitioner's Letter [Doc. 3] that was docketed as a Motion to Appoint Counsel.[1]

The pro se Petitioner, who is presently serving a state sentence of more than 53 years in at the Anson Correctional Institution, purports to bring this action pursuant to 28 U.S.C. § 2241 regarding the execution of a future federal sentence, E.D.N.C. Case No. 5:12-cr-176-BO.[2] She essentially

---

[1] Petitioner is reminded that she must request relief from the Court by filing an appropriate motion. [See Standing Order]. Future letters will be disregarded and will not receive a response from the Court.

[2] A state prisoner must ordinarily seek habeas relief by way of a § 2254 petition, regardless of whether she is challenging the conviction or the execution of a state sentence. See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016). Petitioner appears to argue that she satisfies the "custody" requirement for purposes of § 2241 because she is

argues that the state court intended for the state and federal sentences to run concurrently, the federal Judgment is silent on the matter, and the federal Bureau of Prisons is abusing its discretion and violating 18 U.S.C. § 3621(b) by refusing to designate the state prison *nunc pro tunc* as the location to serve her federal sentence.

The Petition is not on the required form and is not verified (signed under penalty of perjury). Petitioner shall have thirty (30) days in which to file a superseding verified Amended Petition in accordance with this Order. Although Petitioner is appearing pro se, she is required to comply with all applicable rules including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). The Amended § 2241 Petition will supersede and replace the original § 2241 Petition so that any claims not included in the Amended Petition will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2241 Petition will be subject to all applicable timeliness and procedural

---

challenging the execution of a future federal sentence. See generally Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484 (1973) (allowing immediate habeas review where a sentence not yet served was imposed by a different sovereign).

2

Case 3:24-cv-00068-MR   Document 4   Filed 03/25/24   Page 2 of 4

requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will result in the dismissal of this action and closure of this case without further notice.

Petitioner seeks the appointment of counsel to assist her with this habeas proceeding. [Doc. 3]. She argues that her prior counsel assisted her with writing the Petition, but that counsel is located in the Eastern District of North Carolina whereas Petitioner is presently incarcerated in the Western District. A criminal defendant "has no right to counsel beyond his first appeal." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991)). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the Petitioner has not presented a showing of such exceptional circumstances in this case. Legree, 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist Petitioner at this time and her request is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have thirty (30) days in which to file an Amended § 2241 Petition in accordance with this Order. If Petitioner fails

3

Case 3:24-cv-00068-MR   Document 4   Filed 03/25/24   Page 3 of 4

to comply, this action will be dismissed and the case will be closed without further notice.

2. Petitioner's Letter [Doc. 3] is construed as a Motion to Appoint Counsel and is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 25, 2024

Martin Reidinger
Chief United States District Judge