IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00068-MR

| | |
|---|---|
| **CATINA LYNN MARTELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **ORDER** |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Petitioner, who is presently incarcerated at the Anson Correctional Institution, purports to bring this action pursuant to 28 U.S.C. § 2241 regarding the execution of a future federal sentence, E.D.N.C. Case No. 5:12-cr-176-BO. She essentially argues that the state court intended for the state and federal sentence to run concurrently, the federal Judgment is silent on the matter, and the federal Bureau of Prisons is abusing its discretion and violating 18 U.S.C. § 3621(b) by refusing to designate the state prison *nunc pro tunc* as the location to serve her federal sentence.

On March 25, 2024, the Court dismissed the Petition without prejudice on initial review due to several serious deficiencies. [Doc. 4]. The Court granted the Petitioner 30 days in which to file a superseding Amended §

2241 Petition. [Id.]. The Petitioner was cautioned that, "[i]f Petitioner fails to comply, this action will be dismissed and the case will be closed without further notice." [Id. at 3-4].

On April 5, 2024,[1] the Petitioner filed a Letter stating that she only had 30 days to amend; that the institution where she resides does not have the appropriate form; and that she does not have a copy of her original § 2241 Petition. [See Doc. 5]. She requested a blank § 2241 form and a copy of her original Petition. [Id.]. Although the Petitioner had been previously cautioned that Letters to the Court will not receive a response, the Court mailed her a blank § 2241 form as a courtesy on April 8, 2024. [See Jan. 19, 2024 Standing Order of Instructions ("All letters will be ignored and will not receive a response"); ("Petitioner is reminded that she must request relief from the Court by filing an appropriate motion… [f]uture letters will be disregarded….")]. The Petitioner has not filed a superseding Amended Petition, and the time to do so has expired.

The Petitioner appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with

---

[1] The Letter is dated March 31, 2024, but the Petitioner does not certify the date upon which she placed the Letter in the prison's mail system. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge